OPINION
{¶ 1} Plaintiff-appellant Charles Goines, Executor of the Estate of Linda Goines, appeals from the September 9, 2004, Journal Entry of the Muskingum County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Lyndon Insurance Group.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about October 13, 2001, Linda Goines purchased an automobile from Dutro Ford Lincoln Mercury in Zanesville, Ohio. At the same time and in connection with the purchase of the automobile, Goines filled out an application for credit life insurance. Heather Williams, Dutro's business manager, sold Goines a credit life insurance certificate which was issued by appellee Lyndon Insurance.
 {¶ 3} On the application for credit life insurance, which was signed by Goines, Goines marked "NO" and initialed next to the following statement: "1. Have you within the past twelve (12) months consulted a physician, been diagnosed as having, or been treated (by medication, therapy or otherwise) as a result of or for any of the following:. . . . heart disease, or any condition relating to the heart, . . ."
 {¶ 4} The application further contained the following language:
 {¶ 5} "Your signature(s) below means:
 {¶ 6} "1. You represent that you will not attain age 71 for life before the expiration of this contract.
 {¶ 7} "2. You represent that you will not attain age 71 for disability before the expiration of this contract.
 {¶ 8} "3. The above are true and accurate.
 {¶ 9} "If the required questions above are left unanswered, coverage will not exist. If question 1 is answered `Yes', life coverage will not exist. If questions 1 or 2 are answered `Yes', or question 3 is answered `No' disability coverage will not exist. I/We understand that the answers and agreements given in this application are used as the basis for granting coverage. I/We acknowledge that a copy of this application and certificate of insurance was given to me/us on this date."
 {¶ 10} In addition, the Certificate of Insurance accompanying the credit life application signed by Goines stated, in relevant part, as follows:
 {¶ 11} "MISREPRESENTATIONS AND FRAUD: This Certificate shall be void if the Insured has concealed or misrepresented any material fact in the application for insurance or proof of loss, or is guilty of fraud, attempted fraud, or false swearing relating to any matter of this insurance." The certificate also contained a contestability clause stating as follows: "We will not contest the validity of this insurance except for fraud or misstatement of age after it has been in force during the life of the insured for two (2) years from the Effective Date." The effective date was October 13, 2001.
 {¶ 12} Goines died on December 13, 2002. Her death certificate indicated that she died of amoxil encepisacopathy caused by ventricular fibrillation, cardiomyopathy, and vascular heart disease.
 {¶ 13} On January 3, 2003, appellant, who is Goines' surviving spouse and the Executor of her estate, submitted a claim for benefits to appellee Lyndon Insurance. Appellee Lyndon Insurance, because appellant's claim was filed within the contestable period (less than two years after the policy's effective date), conducted a routine investigation. Dr. Duane Pool, in a physician's statement obtained by appellee dated December 31, 2002, indicated that Goines had "heart disease or stroke" from October 19, 2000, through her death and had been informed of the diagnosis on October 19, 2000.
 {¶ 14} After receiving the above information, appellee, on or about March 14, 2003, sent appellant a letter stating, in relevant part, as follows:
 {¶ 15} "Coverage under this policy/certificate was issued based on eligibility requirements. The insured named above certified by her signature that she had not been diagnosed, received treatment, including medication, or consulted a physician for specific health conditions, including heart, within the 1 year(s) prior to the effective date of coverage. Our review of the medical records received from Dr. Dunae Pool indicates the insured either consulted a physician, was diagnosed, received treatment or medication for one of the conditions listed in the policy/certificate within that 1 year(s) period. Therefore, she was not eligible for coverage.
 {¶ 16} "We are denying the claim and rescinding coverage . . ."
 {¶ 17} Thereafter, appellant filed a complaint for declaratory judgment against appellee Lyndon Insurance, among others, alleging breach of contract, misrepresentation, violations of the Ohio Consumer Sales Practices Act and O.A.C. 3901-1-14(D)(3) and conversion of the insurance policy premium refund. Pursuant to a Journal Entry filed on September 9, 2004, the trial court granted appellee's Motion for Summary Judgment, holding that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law.[1]
 {¶ 18} Appellant now raises the following assignments of error on appeal:
 {¶ 19} "I. TRIAL COURT WAS IN ERROR IN GRANTING SUMMARY JUDGMENT TO INSURANCE COMPANY ON UNDISPUTED FACTS WHERE BUSINESS MANAGER FOR AUTO AGENCY, WHO WAS ALSO AGENT FOR INSURANCE AGENCY PROCESSING BUYER'S CREDIT LIFE INSURANCE APPLICATION, TOLD THE BUYER-APPLICANT TO ANSWER `NO' TO QUESTIONS PERTAINING TO APPLICANT'S HEALTH AND WITH WHAT DOCTORS APPLICANT HAD CONSULTED OR BEEN DIAGNOSED WITHIN PAST 12 MONTHS ASKED ON APPLICATION. THAT SUCH QUESTIONS WERE NOT IMPORTANT AND WERE NOT MATERIAL.
 {¶ 20} "II. TRIAL COURT FAILED TO FULFILL ITS FUNCTION IN A DECLARATORY JUDGMENT ACTION WHEREIN IT GRANTED SUMMARY JUDGMENT WITHOUT EXPRESSLY DECLARING THE PARTIES RESPECTIVE RIGHTS AND OBLIGATIONS."
 {¶ 21} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 22} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 295,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 23} It is pursuant to this standard that we review appellant's assignments of error.
 I {¶ 24} Appellant, in his first assignment of error, argues that trial court erred in granting summary judgment to appellee Lyndon Insurance. Appellant specifically contends that summary judgment should not have been granted since Heather Williams, the business manager for Dutro Ford Lincoln Mercury who was also an agent for appellee Lyndon Insurance, told Linda Goines, the decedent, to answer "no" to questions on the credit life insurance application relating to Goines' health and medical treatment and/or diagnosis and told Goines that such questions "were not important and not material." We disagree.
 {¶ 25} R.C. 3923.14 states, in relevant part, as follows: "The falsity of any statement in the application for any policy of sickness and accident insurance shall not bar the right to recovery thereunder, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such false statement is willfully false, that it was fraudulently made, that it materially affects either the acceptance of the risk or the hazard assumed by the insurer, that it induced the insurer to issue the policy, and that but for such false statement the policy would not have been issued."
 {¶ 26} In Buemi v. Mut. of Omaha Ins. Co. (1987), 37 Ohio App.3d 113,524 N.E.2d 183, the Cuyahoga County Court of Appeals dealt with the issue of determining when statements were "willfully false" and "fraudulently made." Upon examination of Ohio law, the court concluded that, when an applicant makes a knowingly false answer to a question on the application, such answer satisfies the statutory requirement that it be "willfully false" and "fraudulently made." See also Acton v. MedicalMutual of Ohio, Fairfield App. No. 2003CA0043, 2004-Ohio-980.
 {¶ 27} An individual will be viewed as having ratified his or her answers on an insurance application if the individual signed the same. See Republic Mut. Ins. Co. v. Wilson (1940), 66 Ohio App. 522,35 N.E.2d 467 and Ed Schory Sons, Inc. v. Society Natl. Bank,75 Ohio St.3d 433, 441, 1996-Ohio-194, 662 N.E.2d 1074.
 {¶ 28} As is stated above, appellant argues that the trial court erred in granting summary judgment to appellee because Heather Williams told the decedent to answer "no" to questions on the credit life insurance application relating to Goines' health and treatment and/or diagnosis and that such questions "were not important and not material." Appellant, in the affidavit attached to his memorandum in opposition to appellant's Motion for Summary Judgment, specifically stated as follows:
 {¶ 29} "Affiant was present with Linda Goines at Dutro Ford Lincoln Mercury when Linda Goines made application for credit life insurance on the obligation for a 1997 Linclon [sic] auto purchase. That the person with whom Linda Goines transacted the business of procuring credit life insurance was Heather Williams the business manager for Dutro Ford Lincoln Mercury; affiant says that he subsequently learned that Heather Williams was an agent for Richland Insurance Agency which was involved in procuring credit life insurance for Linda Goines.
 {¶ 30} "Affiant says that when Heather Williams learned that Linda Goines wanted credit life insurance, Heather Williams told Linda that she would get it for her. Then Heather Williams produced for Linda Goines an application for insurance. Upon reading the application, Linda Goines told Heather Williams that she had had heart by-pass surgery within the time limits asked on the application as to the health or treatment of Linda Goines. Heather Williams told Linda Goines that the questions about her medical condition or treatment was [sic] immaterial and not important, and to answer the questions `No', which Linda Goines did, relying upon the statement of Heather Williams."
 {¶ 31} Appellant now contends that a jury, under such circumstances, could find that Goines' answers on the credit life insurance application were not knowingly false or fraudulently made.
 {¶ 32} In the case sub judice, Goines signed the application for credit life insurance on October 13, 2004, and, by doing so, adopted and ratified the answers to all questions contained therein. See Ed Schory Sons, supra. As is set forth above, the application contained a false answer to a question relating to whether Goines had been treated for or diagnosed as having heart disease or a heart condition. There is no dispute that, at the time she signed the application, Goines knew that her answer to such question was false. Goines, therefore, is deemed to have adopted such answer by signing the credit life insurance application. Accordingly, Goines' response to such questions was "willfully false" and "fraudulently made." See Acton, supra. Furthermore, Goines, the decedent, had a duty to supply the correct answers to questions on the application regardless of what Heather Williams told her.[2]
 {¶ 33} We further find that there is no genuine issue of material fact that Goines' false answers materially affected the acceptance of the application by appellee Lyndon Insurance. The credit life application specifically states that "If question 1 is answered "Yes". Life coverage will not exist." Furthermore, in signing the application, Goines indicated that she understood "that the answers . . . given in this application are used as the basis for granting coverage."
 {¶ 34} In addition, the accompanying certificate states as follows:
 {¶ 35} "MISREPRESENTATIONS AND FRAUD: This Certificate shall be void if the Insured has concealed or misrepresented any material fact in the application for insurance or proof of loss, or is guilty of fraud, attempted fraud, or false swearing relating to any matter of this insurance." The certificate also contained a contestability clause stating as follows: "We will not contest the validity of this insurance except for fraud or misstatement of age after it has been in force during the life of the insured for two (2) years from the Effective Date."
 {¶ 36} Based on the foregoing, we concur with appellee that, under the language of the application and certificate, reasonable minds could only conclude appellant's misrepresentations were material to appellee Lyndon's acceptance of the application and that appellee Lyndon Insurance would not have issued the policy had it known of Goines' heart condition.
 {¶ 37} In short, we find that the trial court did not err in granting appellee's Motion for Summary Judgment since there are no genuine issues of material fact that Goines willfully made false and fraudulent statements regarding her heart condition in order to obtain credit life insurance.
 {¶ 38} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 39} Appellant, in his second assignment of error, argues that the trial court erred by granting summary judgment to appellee Lyndon Insurance in the declaratory judgment action "without expressly declaring the parties (sic) rights and obligations." We disagree.
 {¶ 40} Appellant is correct that "* * * [a]s a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. " Waldeck v.City of North College Hill (1985), 24 Ohio App.3d 189, 190,493 N.E.2d 1375, 1377, citing Kramer v. West American Ins. Co. (Oct. 6, 1982), Hamilton App. Nos. C-810829 and 8-10891, at page 4.
 {¶ 41} However, in the case sub judice, the construction of a document was not before the court. Rather, the only issues before the court were whether Linda Goines' statements on the application for credit life insurance were willfully false and fraudulently made and whether, but for Goines' misrepresentations, appellee would have issued the policy. Based on the undisputed facts, the trial court found in favor of appellee and against appellant, Goines' husband. By doing so, the trial court clearly found that appellant was not entitled to coverage under the policy issued by appellee. There is nothing further for the trial court to do.
 {¶ 42} Appellant's second assignment of error is, therefore, overruled.
 {¶ 43} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] After appellant filed his Notice of Appeal on September 29, 2004, a Journal Entry was filed on October 4, 2004, dismissing appellant's complaint against Lyndon Insurance. Such entry contained the following language: "This is a final, appealable order and Entry, and there is no just reason for delay."
[2] See Dooley v. Acceleration Life Ins. Co. (June 21, 1994), Marion App. No. 9-94-9, 1994 WL317993. In Dooley, the appellant, who applied for life and disability insurance, asserted that the agent for the insurance company knew that the appellant had a pre-existing condition despite the appellant's answers on the application denying the same. The court, inDooley, held that since the appellant completed the insurance application, "we must assume that appellant read the questions contained in the application. Accordingly, reasonable minds can only conclude that appellant did not reasonably and in good faith rely upon [the insurer's] agent in answering the relevant questions." Id. at 3.