[Cite as *B.H. v. Dept. of Admin. Servs.*, 2017-Ohio-9030.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| B.H. et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 16AP-747 |
| v. | : | (C.P.C. No. 15CV-5837) |
| State of Ohio Department of Administrative Services et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 14, 2017

**On brief:** *Michael H. Gertner*; *Law Offices of Karl W. Schedler*, and *Karl W. Schedler*, for appellants. **Argued:** *Karl W. Schedler.*

**On brief:** *Grant A. Wolfe*, and *J. Robert Rishel*, Special Counsel for appellees State of Ohio Department of Administrative Services, and Robert Blair, Director of the Department of Administrative Services. **Argued:** *Grant A. Wolfe.*

**On brief:** *Kegler, Brown, Hill & Ritter, L.P.A.,* and *Ralph E. Breitfeller*, for appellees UnitedHealth Group Incorporated, United HealthCare Services, Inc., and United HealthCare Insurance Company of Ohio.

**On brief:** *Fraser Trebilcock,* and *Thaddeus E. Morgan*, pro hac vice for appellees UnitedHealth Group Incorporated, United HealthCare Services, Inc., and United HealthCare Insurance Company of Ohio.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Plaintiffs-appellants, B.H. and R.H. (collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting motions for judgment on the pleadings filed by defendants-appellees, the Ohio Department of Administrative Services and Robert Blair, in his official capacity as director of the Department of Administrative Services (collectively, "DAS"), and UnitedHealth Group, Incorporated, United HealthCare Services, Inc., and United HealthCare Insurance Company of Ohio (collectively, "United").  Because we conclude the portion of the judgment granting United's motion for judgment on the pleadings is not a final, appealable order, we dismiss the appeal to the extent it challenges that portion of the judgment.  Further, because we conclude the trial court did not err by granting judgment on the pleadings in favor of DAS, we affirm that portion of the judgment.

## I.  Facts and Procedural History

{¶ 2}  B.H. is an employee of the state of Ohio and receives health insurance coverage through his employer.  R.H. is B.H.'s son and is also covered as a dependent through B.H.'s state employee health insurance plan.  From July 11, 2012 until July 10, 2013, R.H. received mental health treatment at a residential treatment facility in Virginia. B.H. asserts that United denied insurance coverage for R.H.'s treatment at the residential facility in two letters issued on July 12 and August 8, 2012.  B.H. claims that he and his wife paid the full cost of R.H.'s treatment, a total of $134,600, as a result of the denials of coverage.

{¶ 3}  Appellants filed a complaint in the Franklin County Court of Common Pleas on July 9, 2015, asserting they were entitled to a declaratory judgment because United and DAS had wrongfully denied insurance coverage for R.H.'s treatment.  Appellants sought judgment against United and DAS for the amount that would have been paid under the insurance plan, which they asserted to be 60 percent of the total cost. Appellants asserted United and DAS breached their fiduciary duties by failing to provide a full and fair review of appellants' insurance claims.  Appellants further asserted United and DAS were responsible to provide coverage for R.H.'s treatment pursuant to the terms of the insurance plan and state and federal statutes.

{¶ 4}    United filed a motion for judgment on the pleadings asserting the common pleas court lacked subject-matter jurisdiction over the claims set forth in appellants' complaint. United argued appellants sought damages against the state, which was within the exclusive jurisdiction of the Court of Claims of Ohio. DAS also filed a motion for judgment on the pleadings, similarly asserting the common pleas court lacked subject-matter jurisdiction over appellants' claims. On September 30, 2016, the common pleas court issued a decision granting the motions for judgment on the pleadings filed by United and DAS. The court concluded that the Court of Claims had exclusive jurisdiction over the claims asserted in appellants' complaint.

## II. Assignments of Error

{¶ 5}    Appellants appeal and assign the following two assignments of error for our review:

> [I.] The Common Pleas Court Erred in Determining that it Lacked Subject Matter Jurisdiction over the Declaratory Judgment and Breach of Fiduciary Duty Claims Brought Against *the United Behavioral Health Defendants, as Designated Plan Administrator.*
>
> [II.] The Common Pleas Court Erred in Determining that it Lacked Subject Matter Jurisdiction over the Declaratory Judgment and Breach of Fiduciary Duty Claims Brought Against *the State of Ohio Defendants.*

(Emphasis sic.)

## III. Discussion

## A. Jurisdiction of the Court of Appeals

{¶ 6}    We begin by considering whether this court has jurisdiction over the present appeal. Under the Ohio Constitution, courts of appeals have jurisdiction to review final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). In the present case, the common pleas court held that it lacked subject-matter jurisdiction over appellants' claims because appellants sought money damages against the state. The court concluded appellants' claims were within the exclusive jurisdiction of the Court of Claims. Civ.R. 41(B)(4)(a) provides that a dismissal for lack of subject-matter jurisdiction "shall operate as a failure otherwise than on the merits." "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal

is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8.  Moreover, the trial court expressly provided in the judgment that the complaint was dismissed without prejudice.  Dismissal without prejudice generally constitutes an adjudication otherwise than on the merits because it places the parties in the same position they were before they filed the action. *Johnson v. H & M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7. Additionally, dismissal without prejudice is generally not a final, appealable order if a party is able to refile within the applicable statute of limitations or pursuant to the savings statute. *Id.*

## 1. Jurisdiction over the appeal of judgment on the pleadings in favor of United

{¶ 7}    On appeal, appellants argue their claims against United are independent of their claims against DAS and arise from United's alleged breach of fiduciary duty. Because the trial court dismissed the complaint without prejudice, to the extent appellants assert claims against United that are independent from their claims against DAS, appellants may be able to refile their complaint in the common pleas court asserting those independent claims against United.[1]  Thus, because the trial court dismissed the claims against United without prejudice, that portion of the judgment is not a final, appealable order.

{¶ 8}    Accordingly, we dismiss the appeal to the extent it challenges the grant of judgment on the pleadings in favor of United.  Because appellants' first assignment of error challenges the grant of judgment on the pleadings in favor of United, we dismiss the first assignment for lack of jurisdiction.

## 2. Jurisdiction over the appeal of judgment on the pleadings in favor of DAS

---

[1] We note a dismissal without prejudice may become a final, appealable order when a plaintiff cannot refile within the original statute of limitations or pursuant to the savings statute. *See Ross v. Robert Lee Brown, Inc.*, 10th Dist. No. 12AP-302, 2013-Ohio-173, ¶ 7. Assuming for purposes of analysis that appellants have an independent claim against United for breach of fiduciary duty, such claim would be subject to a four-year statute of limitations. *Klaus v. Klosterman*, 10th Dist. No. 14AP-960, 2015-Ohio-2545, ¶ 17. Appellants' complaint asserts the denials of insurance coverage occurred on July 12 and August 18, 2012. Additional materials submitted by United in support of its motion for summary judgment indicate appellants were given notice of the external review decision upholding the denial of their claims on August 24, 2012, and a further additional external review of appellants' claims was completed on March 17, 2014. The complaint was filed on July 9, 2015. The trial court did not make any determination regarding when appellants' claims against United accrued or whether they were barred by the statute of limitations, and we decline to do so in the first instance.

{¶ 9} Although appellants' claims against DAS were also dismissed for lack of subject-matter jurisdiction, we conclude the portion of the judgment granting judgment on the pleadings in favor of DAS is a final, appealable order. As noted above, generally, a dismissal otherwise than on the merits or without prejudice is not a final, appealable order. However, such a dismissal may be a final, appealable order if the plaintiff cannot refile the suit because the applicable statute of limitations has lapsed and the plaintiff cannot take advantage of the savings statute. *Brownfield v. Krupman*, 10th Dist. No. 14AP-294, 2015-Ohio-1966, ¶ 8. To utilize the savings statute, the original action must have been filed within the applicable statute of limitations. *See Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 392 (2002) ("R.C. 2305.19, known as the savings statute, gives a plaintiff who timely filed an action that was dismissed on procedural grounds a specific amount of time in which to file a second action."); *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 20 ("Pursuant to Civ.R. 41(A), [the plaintiff] may utilize the savings statute contained in R.C. 2305.19 only if [the plaintiff] timely filed the original action.").

{¶ 10} Claims against the state are subject to a two-year statute of limitations. R.C. 2743.16(A). The denials of insurance coverage alleged in appellants' complaint occurred on July 12 and August 8, 2012, and materials submitted by United indicate that external reviews of the denials of coverage were completed on August 24, 2012, and March 17, 2014. Appellants filed their complaint on July 9, 2015. The trial court did not make any conclusions regarding the accrual date of appellants' claims against DAS and whether those claims were filed within the statute of limitations. Accordingly, we decline to decide the issue in the first instance. However, if it is later determined that appellants' original complaint was untimely, appellants would be unable to rely on the savings statute when refiling their claims against DAS. In that event, the order granting judgment on the pleadings in favor of DAS would have the effect of a final, appealable order.

{¶ 11} Additionally, we previously held that a similar dismissal for lack of subject-matter jurisdiction by the common pleas court was a final, appealable order. In *George v. State*, 10th Dist. No. 10AP-4, 2010-Ohio-5262, this court considered consolidated appeals by individuals and entities who sought to sue the State of Ohio, the director of the Ohio Department of Public Safety, and various other state officials and employees in both the

common pleas court and the Court of Claims. The Court of Claims dismissed some, but not all of the claims that were asserted, but the dismissal order did not contain language providing that the order was final and appealable in compliance with Civ.R. 54(B). Therefore, this court held that the dismissal order from the Court of Claims was not a final, appealable order. *George* at ¶ 7. The common pleas court, by contrast, dismissed all the claims, some based on failure to state a claim upon which relief could be granted and others for lack of subject-matter jurisdiction. The common pleas court expressly held that certain dismissals were without prejudice. *Id.* at ¶ 10. While acknowledging that dismissal for lack of subject-matter is treated as a failure "otherwise than on the merits" under Civ.R. 41(B)(4)(a), this court concluded the common pleas court's order was final and appealable:

> While such a dismissal [for lack of subject-matter jurisdiction] does not bar refiling in a different forum, presumably the correct one with jurisdiction over the matter, it certainly would make futile any attempt by the plaintiff to refile in the same forum the same claims even if the dismissal was labeled without prejudice. Thus, while such a dismissal is nominally without prejudice to refiling, it essentially precludes a refiling in the initial forum. "[A] dismissal without prejudice does not guarantee that a case can be refiled." *Brubaker v. Ross*, 10th Dist. No. 01AP-1431, 2002-Ohio-4396, ¶ 15. Nor, even if the case could be refiled, does a dismissal without prejudice permit subsequent appellate review of some aspects of the case. If the dismissal is not a final appealable order because it is without prejudice, but the case is refiled in the same forum, it could only, by operation of res judicata, be again dismissed on the same grounds, and there would never be the opportunity for subsequent appellate review of such rulings in a final order from that forum. There would be in such cases no mechanism to review the trial court's determination that it lacked jurisdiction over the matter in the first instance; the only remaining appeal would be from a determination in a refiled matter in another forum, which appeal would likely not permit useful review of the initial court's determination that it lacked jurisdiction. Both judicial economy and fundamental fairness would seem to argue for immediate appellate review of such a dismissal. Even if designated as without prejudice, a dismissal may have "practical consequences," *Mihalcin v. Hocking College* (Mar. 20, 2000), 4th Dist. No. 99CA32, that is, it may in effect determine the action as to those parties and

> that forum, and we find in the present case that the dismissals
> for lack of subject-matter jurisdiction are appealable.

*Id.* at ¶ 16. Similar concerns of judicial economy and fundamental fairness arise in the present case with respect to appellants' claims against DAS.

{¶ 12} Under the circumstances presented in this case, to the extent the judgment granted judgment on the pleadings in favor of DAS, we will consider it to be a final, appealable order and evaluate the merits of the appeal of that portion of the judgment.

## B. Analysis of Whether the Common Pleas Court Had Jurisdiction Over Appellants' Claims Against DAS

{¶ 13} The trial court granted judgment on the pleadings in favor of DAS based on its conclusion that it lacked subject-matter jurisdiction over appellants' claims because they sought money damages against the state. Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings have closed but within such time so as not to delay trial. A motion for judgment on the pleadings tests the allegations contained in the complaint and presents questions of law. *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.). In reviewing the motion, the court must construe all material allegations in the complaint, and any reasonable inferences drawn from those allegations, as true and in favor of the non-moving party. *Id.* The court may grant a motion for judgment on the pleadings only if no disputes of material fact exist and the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Curtis v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24. We review a decision granting a motion for judgment on the pleadings de novo. *Franks* at ¶ 5.

{¶ 14} The issue of subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 14AP-645, 2015-Ohio-2493, ¶ 5. The standard for dismissal for lack of subject-matter jurisdiction is whether any cause of action cognizable in the forum has been asserted in the complaint. *Id.* We review de novo a dismissal for lack of subject-matter jurisdiction. *Id.*

{¶ 15} Because both judgment on the pleadings and dismissal for lack of subject-matter jurisdiction are subject to de novo review, we will apply that standard to our review of appellants' second assignment of error.

{¶ 16} Appellants assert in their second assignment of error the trial court erred by concluding that it lacked subject-matter jurisdiction over appellants' claims against DAS. As explained above, the trial court concluded it lacked subject-matter jurisdiction over those claims because appellants sought money damages and that such claims were within the exclusive jurisdiction of the Court of Claims.

{¶ 17} The Court of Claims has exclusive jurisdiction over civil actions against the state for money damages that sound in law. *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-929, 2012-Ohio-1378, ¶ 7, citing R.C. 2743.02 and 2743.03. The jurisdiction of the Court of Claims also includes claims sounding in equity, such as a claim for declaratory judgment, if those claims arise from the same circumstances giving rise to a civil action over which the court would otherwise have jurisdiction. *Interim HealthCare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 13. "Thus, when a party seeks a declaratory judgment in addition to monetary damages, the R.C. 2743.02 waiver of immunity permits the Court of Claims to determine the declaratory judgment action with the claim for money damages." *Id.* However, a civil action that seeks *only* injunctive or declaratory relief may be brought against the state in the common pleas court. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991)

{¶ 18} Generally, an action to compel coverage under an insurance policy involves claims for declaratory judgment that coverage is required under the policy and, if damages resulted from a denial of coverage, for breach of contract. *See, e.g., Safe Auto Ins. Co. v. Hasford*, 10th Dist. No. 08AP-249, 2008-Ohio-4897, ¶ 10 (answer and counterclaim for declaratory judgment, breach of contract, and bad faith after insurance company filed declaratory judgment action asserting it did not owe coverage under automobile insurance policy); *Thomas v. Nationwide Mut. Ins. Co.*, 8th Dist. No. 86579, 2006-Ohio-4487, ¶ 3 (complaint for breach of contract, fraud, breach of fiduciary duty, bad faith, and declaratory judgment following denial of underinsured motorist coverage under automobile insurance policy); *Goines v. Lyndon Ins. Group, L-2,* 5th Dist. No. CT2004-0042, 2005-Ohio-3522, ¶ 17 (complaint for declaratory judgment, breach of contract, misrepresentation, violations of Ohio Consumer Sales Practices Act, and conversion following denial of coverage under credit life insurance policy). In the present

case, appellants' complaint sought declaratory judgment that they had been wrongly denied insurance coverage and damages of $80,600, plus interest, along with attorney fees and costs. It is undisputed that appellants' claim for declaratory judgment sounded in equity; therefore, our analysis of whether the case was within the jurisdiction of the common pleas court turns on whether appellants' claim for financial compensation sounded in law or equity.

{¶ 19} Appellants argue that their claim for financial compensation was an equitable remedy, seeking restitution for compensation wrongfully denied, rather than a claim for money damages, and that because they sought equitable remedies, the common pleas court had jurisdiction over their claims. By contrast, DAS argues that it was a claim for damages, which sounds in law and, therefore, was within the exclusive jurisdiction of the Court of Claims.

{¶ 20} "In determining whether the Court of Claims has subject-matter jurisdiction, it is necessary to examine both the nature of the claim (whether it sounds in law or equity) and the relief sought (whether compensation for an injury to one's person, property, or reputation, or specific relief such as the recovery of specific property or monies." *Dunlop* at ¶ 7. Because creative pleading may obscure the distinction between equitable and legal claims, "we must look to the nature of the relief itself, because how appellants choose to characterize or phrase their claims is not dispositive of where the action is properly commenced." *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, ¶ 15 (10th Dist.).

{¶ 21} "Not every claim for monetary relief constitutes 'money damages.' Even when the relief sought consists of the state's ultimately paying money, a cause of action will sound in equity if 'money damages' is not the essence of the claim." *Interim HealthCare* at ¶ 15, citing *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 15. " 'Damages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies "are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled." ' " (Emphasis sic.) *Ohio Hosp. Assn.* at 105, quoting *Bowen v. Massachusetts*, 487 U.S. 879, 895 (1988), quoting *Maryland Dept. of Human Resources v. Dept. of Health & Human Servs.*, 763 F.2d 1441, 1446 (D.C. Cir.1985), quoting D. Dobbs, *Handbook on the Law of*

*Remedies* 135 (1973)   " ' "Almost invariably * * * suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from defendant's breach of legal duty." ' "  *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, ¶ 12, quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002), quoting *Bowen* at 918-19 (Scalia, J., dissenting).

{¶ 22} This court has previously held that, "[i]n general, a claim for restitution relating to a contract dispute constitutes an action in law."  *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-367, 2011-Ohio-6459, ¶ 16.  By contrast, "[a] specific remedy that is properly construed as equitable in nature represents a particular privilege or entitlement and not a substitute for compensation.  The relief sought is the very thing to which the claimant is entitled under the statutory provision supporting the claim."  (Citation omitted.)  *Zelenak* at ¶ 18.  In the present case, the basis for appellants' claim for financial compensation is B.H.'s health benefits plan—i.e., his employer-provided insurance coverage, which is effectively a contract.  Although appellants' complaint and briefs cite to various statutes, including the Ohio and Federal Mental Health Parity Acts, those statutes simply require that employer-provided insurance plans must provide equal coverage benefits for mental illness diagnosis and treatment. *See, e.g.,* R.C. 3923.281(B) ("Notwithstanding section 3901.71 of the Revised Code, and subject to division (E) of this section, every policy of sickness and accident insurance shall provide benefits for the diagnosis and treatment of biologically based mental illness on the same terms and conditions as, and shall provide benefits no less extensive than, those provided under the policy of sickness and accident insurance for the treatment and diagnosis of all other physical diseases and disorders, if [certain specified conditions apply].").  Appellants fail to demonstrate any statutory provision creating a private right of action or statutory entitlement to compensation that would support their claim for financial compensation.

{¶ 23} Appellants argue that this court's decisions in *Windsor House* and *Interim HealthCare* support their argument that they seek equitable relief. However, we find those cases to be distinguishable.  In *Windsor House*, a nursing home operator filed a

complaint in the Court of Claims seeking payment from the Ohio Department of Job and Family Services for capital costs and services provided to residents of the nursing home. *Windsor House* at ¶ 1. The Court of Claims dismissed the case for lack of subject-matter jurisdiction, concluding that the nursing home operator sought reimbursement of compensation due under a statute, not money damages. *Id.* On appeal, this court affirmed, concluding that the nursing home operator's claims for unjust enrichment, negligence, promissory estoppel, and false pretenses were based on a statutory right to reimbursement. *Id.* at ¶ 19. Although the complaint also included a claim for breach of contract, the court concluded that the only relevant contract did not provide for reimbursement of capital costs. *Id.* Thus, the only basis for the nursing home provider's claims was equitable recovery pursuant to statute. *Id.* at ¶ 25.

{¶ 24} In *Interim HealthCare*, a nursing home provider filed a complaint in the Court of Claims seeking declaratory judgment to interpret a statutory provision relating to external review of insurance coverage denials. *Interim HealthCare* at ¶ 4. The Court of Claims dismissed the complaint, concluding the proper remedy was within the administrative process and, potentially, an appeal to the common pleas court. *Id.* at ¶ 5. On appeal, this court affirmed, holding that although the nursing home's complaint sought to recover unpaid interest in addition to the declaratory judgment claim, the claim for unpaid interest was not a claim for money damages sounding in law because it sought statutory interest to which the nursing home provider would have been entitled if timely payment was not made under the statute. *Id.* at ¶ 18. Thus, "[t]hat a favorable determination would entitle plaintiff to recover money damages [did] not change the basic character of plaintiff's cause of action from a specific remedy to monetary damages." *Id.*

{¶ 25} Unlike *Windsor House* and *Interim HealthCare*, appellants have not established any statutory entitlement to recovery. The statutes appellants cite provide for the creation and maintenance of an employee health benefit fund, and require that mental health coverage be provided on an equal basis, but they do not create a statutory cause of action for denial of appellants' claims. The fundamental basis for appellants' claims is the alleged breach arising from denial of their insurance claims, and compensation for that breach is a claim for money damages sounding in law.

{¶ 26} Moreover, we note that appellants also sought pre- and post-judgment interest. This court has previously held that "[t]he payment of interest 'is the almost universal measure of damages for mere delay of payment.' " *Zelenak* at ¶ 24, quoting *Midwest Properties Co. v. Renkel*, 38 Ohio App. 503, 511 (8th Dist.1930), quoting 1 Sutherland, *a Treatise on the Law of Damages*, Section 286, at 869 (4th Ed.1916). In *Zelenak*, this court held that a claim for interest payments on improperly withheld temporary total disability compensation benefits was a claim for monetary damages. *Zelenak* at ¶ 24. Thus, appellants' claim for interest further indicates that the compensation they seek constitutes money damages from the state.

{¶ 27} Having concluded that the essence of appellants' claims against DAS for compensation is a claim for money damages sounding in law, we hold that the common pleas court did not err by concluding it lacked subject-matter jurisdiction over these claims and granting judgment on the pleadings in favor of DAS.

{¶ 28} Accordingly, we overrule appellants' second assignment of error.

## IV. Conclusion

{¶ 29} For the foregoing reasons, we dismiss appellants' first assignment of error for lack of jurisdiction and overrule appellants' second assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

————————————