[Cite as *Shutway v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Anthony Shutway, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-53 |
| v. | : | (Ct. of Cl. No. 2020-00199JD) |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on November 2, 2021

**On brief:** *John Anthony Shutway*, pro se. **Argued:** *John Anthony Shutway.*

**On brief:** *Dave Yost*, Attorney General, and *Amy S. Brown*, for appellees. **Argued:** *Amy S. Brown.*

APPEAL from the Court of Claims of Ohio

MENTEL, J.

{¶ 1} John Anthony Shutway appeals the dismissal of his complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") by the Court of Claims of Ohio. Because the dismissal was otherwise than on the merits under Civ.R. 41(B)(4)(a), it was not a final, appealable order and we therefore dismiss the appeal.

{¶ 2} On March 20, 2020, Mr. Shutway filed a complaint in the Court of Claims against the State of Ohio, ODRC, the Director of the Tri-County Regional Jail, the Office of Risk Management, the Champaign County Municipal Court, and various John and Jane Doe defendants. Mr. Shutway's complaint alleged that while incarcerated at the Tri-County Regional Jail he requested writing materials, access to the law library, and that the staff photograph his injuries, but was refused. (Mar. 20, 2020 Compl. at 3.) He also requested

"vitamins for the purpose of consumption for nutritional needs," but the jail staff denied that request as well. (Compl. at 4.) As relief, Mr. Shutway sought declaratory judgment stating that the jail and the municipal court had violated his constitutional rights. (Compl. at 4-7.)

{¶ 3} The state filed a motion to dismiss Mr. Shutway's complaint on April 7, 2020. After Mr. Shutway filed an amended complaint on September 21, 2020, the Court of Claims dismissed the state's motion as moot. (Sept. 23, 2020 Order of the Mag.) The amended complaint named only the State of Ohio and the "State of Ohio Supreme Court" as defendants and sought declaratory judgments against them. It made no substantive changes to the factual allegations of the original complaint but did add a request for compensatory and punitive damages. (Sept. 21, 2020 Am. Compl.)

{¶ 4} The state again moved to dismiss, Mr. Shutway responded with a second amended complaint, and the Court of Claims granted him leave to file it, thereby mooting the state's motion. (Nov. 16, 2020 Order of the Mag.) The state then moved to dismiss Mr. Shutway's second amended complaint on November 16, 2020. Mr. Shutway filed a motion for leave to file a third amended complaint on December 15, 2020.

{¶ 5} The Court of Claims dismissed Mr. Shutway's complaint on December 31, 2020, on the basis of a lack of subject-matter jurisdiction over his claims. The court noted that Mr. Shutway had not timely responded to the state's November 16, 2020 motion to dismiss but instead sought leave to file a third amended complaint adding the Ohio Department of Transportation as a defendant. (Dec. 31, 2020 Entry of Dismissal at 1.) The court noted that its jurisdiction over claims against the State of Ohio did not extend to claims against political subdivisions. (Entry of Dismissal at 3.) Although the court had jurisdiction over the defendants named on the face of the complaint, the court read the actual allegations as only directed at the actions of political subdivisions outside its jurisdiction. *Id.* Nor did it have jurisdiction over constitutional claims or claims for punitive damages. (Entry of Dismissal at 4.) Accordingly, the Court of Claims granted the state's motion and dismissed Mr. Shutway's complaint without prejudice. (Entry of Dismissal at 4-5.)

{¶ 6} Mr. Shutway has appealed and asserts the following assignments of error:

> [I.] The trial court committed plain error by placing on the record an ENTRY OF DISMISSAL on the third day after the Defendant(s) filed a 12(B) MOTION TO DISMISS.
>
> [II.] The trial court committed abuse of discretion and abuse of process by failing to provide due process, by dismissing the case prior to Plaintiff's reply to a motion to dismiss and not transferring venue as I motioned.

{¶ 7} The state argues that because the Court of Claims dismissed Mr. Shutway's complaint without prejudice under Civ.R. 41(B)(4) for lack of subject-matter jurisdiction, the judgment was not a final, appealable order. (Appellee's Brief at 6-7.) "When a party raises this threshold issue, 'we begin by examining the question of the court's jurisdiction.' " *Organ Cole, LLP v. Andrew*, 10th Dist. No. 20AP-65, 2021-Ohio-924, ¶ 7, quoting *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 5.

{¶ 8} This court has jurisdiction over appeals from the Court of Claims "under the same circumstances, as appeals from the court of common pleas of Franklin county, and the same rules of law govern their determination." R.C. 2743.20. Under Civ.R. 41(B)(4)(a), a dismissal for lack of subject-matter jurisdiction "shall operate as a failure otherwise than on the merits." "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8. "Dismissal without prejudice generally constitutes an adjudication otherwise than on the merits because it places the parties in the same position they were before they filed the action." *B.H. v. State Dept. of Adm. Servs.*, 10th Dist. No. 16AP-747, 2017-Ohio-9030, ¶ 6, citing *Johnson v. H & M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7.

{¶ 9} In this case, the Court of Claims dismissed Mr. Shutway's complaint "without prejudice" for lack of subject-matter jurisdiction after concluding that it "lack[ed] jurisdiction over any cognizable claim which [could] be construed" from a fair reading of the allegations made. (Dec. 31, 2020 Entry of Dismissal at 4-5.) This dismissal does not prevent him from refiling in a court with jurisdiction over constitutional claims against the political subdivisions that he alleges injured him, or from pursuing punitive damages as relief in those claims against such parties. Accordingly, the Court of Claims' dismissal was

not a final, appealable order and we lack jurisdiction to hear this appeal.  The appeal is dismissed.

*Appeal dismissed.*

BROWN and SADLER, JJ., concur.

_____