[Cite as *G.S. v. Khavari*, 2016-Ohio-5187.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| G.S., A MINOR, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-T-0036** |
| PARISA R. KHAVARI, M.D., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00695.

Judgment: Appeal dismissed.

*Pamela E. Pantages*, The Becker Law Firm, L.P.A., 134 Middle Avenue, Elyria, OH 44035, and *Paul W. Flowers*, Paul W. Flowers Co., L.P.A., Terminal Tower, Suite 1910, 50 Public Square, Cleveland, OH 44113 (For Plaintiffs-Appellants).

*Brant E. Poling* and *Sabrina S. Sellers*, 300 East Broad Street, Suite 350, Columbus, OH 43215 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} On April 13, 2016, appellants, by and through counsel of record, filed a notice of appeal from an April 1, 2016 entry of the Trumbull County Court of Common Pleas, denying their motion for reconsideration.

{¶2} A review of the record reveals that on April 2, 2014, appellants filed a medical malpractice action against appellees, Parisa R. Khavari, M.D. and 1227 E. Market Street, Inc. Appellants identified Dr. Martin Gubernick as an expert witness. On March 11, 2015, appellees served a subpoena on Dr. Gubernick demanding various

financial documents related to his work. After no response from Dr. Gubernick, appellees filed a motion for contempt of court, motion to compel, request for sanctions, and motion to exclude for Dr. Gubernick's failure to respond to appellees' subpoena.

{¶3} In an entry dated August 3, 2015, the trial court denied appellees' motion, but ordered that experts for both parties "be required to produce any and all 1099 tax forms for any expert witness and/or medical-legal consulting work performed within the five year period immediately prior to February 15, 2016." The entry also ordered that the documents produced were subject to a protective order and that no one involved in the litigation was to divulge any of the information regarding the documents unless otherwise ordered by the court. On March 30, 2016, appellants filed a motion asking the trial court to reconsider its August 3, 2015 entry. The trial court denied appellants' motion on April 1, 2016, and as a result, the instant appeal ensued.

{¶4} On April 26, 2016, appellees moved this court to dismiss appellants' notice of appeal because the April 1, 2016 entry is not a final order. On May 5, 2016, appellants filed a memorandum in opposition to the motion to dismiss alleging that the April 1, 2016 is a final appealable order.

{¶5} Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments. This matter specifically involves R.C. 2505.02(B)(4), which states that:

2

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶9} In order to satisfy the requirements for finality pursuant to R.C. 2505.02(B)(4), an appealing party must establish that the appealed entry was issued in regard to a "provisional remedy," which is defined as a "proceeding ancillary to an action, including, but not limited to, a proceeding for a * * * discovery of privileged matter * * *." R.C. 2505.02(A)(3).

{¶10} In *Colombo v. Mismas Law Firm*, 11th Dist. Lake No. 2014-L-069, 2015-Ohio-812, ¶ 22, this court stated that "a discovery order relating to the release of information is only appealable when the information is either confidential or privileged." "Tax returns, while subject to heightened protection from disclosure, are not privileged." *Garver Rd. Inv., LLC v. Diversapack of Monroe, LLC*, 12th Dist. Butler Nos. CA2013-10-181 and CA2013-10-183, 2014-Ohio-3551, ¶ 14. In *Bates v. Midland Title of Ashtabula County, Inc.*, 11th Dist. Lake No. 2003-L-127, 2004-Ohio-6325, ¶ 43, this court rejected the appellants' argument that their tax returns were confidential and not subject to production.

{¶11} In this case, the trial court, in its August 3, 2015 entry, ordered that the documents produced were subject to a protective order and that no one involved in the

3

litigation was to divulge any of the information regarding them unless otherwise ordered by the court. It is our position that the personal financial documents ordered to be disclosed in the August 3, 2015 entry were neither confidential or privileged, and thus, there is no provisional remedy and final appealable order from which an appeal should have been taken. Further, none of the other provisions under R.C. 2505.02(B) applies to the August 3, 2015 entry. Appellants, therefore, moved the trial court to reconsider its decision.

{¶12} It is well established that "a judgment denying a motion for reconsideration of a non-final order is itself not appealable as it fails to dispose of any claims." *State v. Beck*, 11th Dist. Portage No. 2014-P-0050, 2015-Ohio-1069, ¶ 41. The August 3, 2015 entry is not a final appealable order, and neither is the April 1, 2016 judgment denying appellants' motion for reconsideration. *Id.* ("[s]ince the May 14, 2014 judgment is not a final order, the July 14, 2014 judgment entry denying appellants' motion for reconsideration is likewise not a final order").

{¶13} Based upon the foregoing, appellees' motion to dismiss is granted, and this appeal is hereby dismissed for lack of final appealable order.

{¶14} Appeal dismissed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4